NELSON P. COHEN
United States Attorney
District of Alaska
Federal Bldg. & U.S. Courthouse
101 12th Avenue, Box 2
Fairbanks, Alaska  99701
Telephone: (907) 456-0245

JENNIFER D. AUCHTERLONIE
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C.  20044-0683
Telephone: (202) 514-9593
Facsimile: (202) 307-0054
Email: Jennifer.D.Auchterlonie@usdoj.gov

IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,              )<br>                                       )<br>                  Plaintiff,           )<br>                                       )<br>          v.                           )<br>                                       )<br>KURT W. STENEHJEM as Trustee of        )<br>CREATIVE SOLUTIONS BUSINESS            )<br>ORGANIZATION, dba PARSONS ART          )<br>AND SIGN; and BANK UNITED,             )<br>                                       )<br>                  Defendants.         )<br>                                       )<br>_____) | Civil No.  A04-0090 CV (JKS)<br><br>UNITED STATES' MEMORANDUM IN<br>SUPPORT OF MOTION FOR ENTRY OF<br>DEFAULT JUDGMENT AGAINST<br>DEFENDANT KURT W. STENEHJEM AS<br>TRUSTEE OF CREATIVE SOLUTIONS<br>BUSINESS ORGANIZATION, DBA<br>PARSONS ART AND SIGN |

The United States of America, by and through its undersigned counsel, hereby submits

the following memorandum in support of its motion for entry of default judgment against

defendant Kurt W. Stenehjem, as Trustee of Creative Solutions Business Organization dba

Parsons Art and Sign, in accordance with Fed. R. Civ. P. 55(b)(2) and local rule D.Ak. LR

55(b)(2).

BACKGROUND

On April 28, 2004, the United States filed the complaint herein to reduce the federal tax assessments of Creative Solutions Business Organization (Creative Solutions) to judgment and to foreclose federal tax liens against certain real property held by Creative Solutions.  Docket No. 1.  On May 5, 2004, the United States filed an amended complaint to correct the name of the Trustee of Creative Solutions.  Docket No. 2.

The amended complaint set forth, inter alia, the following allegations:

1.     On the date, in the amounts, and for the tax periods set forth below, a delegate of the Secretary of the Treasury made assessments against Creative Solutions for unpaid federal taxes, penalties, interest, and other statutory additions:

| Tax Period | Tax Type | Date of Assessment | Amount Assessed |
|---|---|---|---|
| 1995 | 1041 | 08/10/99 | $27,669.00 - Tax<br>$10,750.06 - Interest<br>$ 5,534.00 - Accuracy Penalty |

2.     Despite timely notice and demand for payment of the assessments described in paragraph [1], above, Defendant Creative Solutions has neglected or refused to make payment to the United States, and there remains due and owing on those assessments the amount of $67,311.64 as of April 30, 2004, plus interest and other statutory additions accrued thereafter as provided by law.

3.     On January 6, 1994, a deed was recorded in the Anchorage recording district conveying title of the [subject real] property . . . from Robert J. Parsons and Robin A. Parson to Creative Solutions.

4.     On February 25, 2002, a delegate of the Secretary of the Treasury recorded in the Recording District of Anchorage, Alaska, a Notice of Federal Tax Lien with respect to the assessments made against Defendant Creative Solutions for the tax period ending December 31, 1995.

On October 13, 2004, the United States and defendant Bank United, through its successor in interest Washington Mutual, entered a stipulation as to the priority of their respective liens on

the subject property, which stipulation was approved by the Court on October 22, 2004.  Docket No. 9.

On November 2, 2004, the United States filed a waiver of service signed by Kurt W. Stenehjem, as Trustee of Creative Solutions, waiving service of the summons and complaint in this matter.  Docket No. 11.

On December 3, 2004, Kurt W. Stenehjem filed an answer pro se on behalf of Creative Solutions.  Docket No. 14.  Upon motion of the United States, on July 12, 2005, the Court ordered that answer stricken and allowed Creative Solutions additional time to secure counsel to properly file an answer in this matter.  Docket No. 21.

On September 26, 2005, the Court granted the United States' request for entry of default against Creative Solutions for failure to file an answer or to otherwise defend this matter. Docket Nos. 23, 24.  On October 3, 2005, the Court entered a minute order allowing Creative Solutions additional time to secure counsel and file an answer, in which event the Court would entertain a motion to reconsider the default entered against Creative Solutions.  Docket No. 25.

On November 14, 2005, attorney Martin Severin entered an appearance on behalf of Creative Solutions.  Docket No. 27.  On July 18, 2006, the Court granted Mr. Severin's unopposed motion to withdraw as counsel for Creative Solutions.  Docket No. 40.

By Orders entered August 4, 2006 and September 8, 2006, the Court allowed Creative Solutions additional time to secure counsel and file an answer in this matter.  Docket Nos. 41, 43.  On October 2, 2006, upon the failure of Creative Solutions to file an answer, the Court entered default against Creative Solutions and directed the United States to proceed in conformity with Fed. R. Civ. P. 55(b) to conclude this matter.  Docket Nos. 44, 45.

DISCUSSION

A two-step process exists to obtain a default judgment under Fed. R. Civ. P. 55.  First, the United States had to secure the entry of default of the defendant under Fed. R. Civ. P. 55(a). As set forth above, the Court entered the default of Creative Solutions on October 2, 2006.  Once default is entered, the United States may request a default judgment pursuant to Fed. R. Civ. P. 55(b).  In the case at bar, Creative Solutions, a trust, has failed to appear through counsel and answer the complaint, despite proper service thereof.  Thus, entry of default was proper.  Upon entry of default, the well-pled allegations in the complaint are deemed true.  Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002) (citation omitted).  Accordingly, the Court should enter judgment against defendant Creative Solutions for the unpaid federal tax assessments set forth in the complaint, and the Court should enter an order foreclosing the federal tax liens filed against the property held by Creative Solutions as described in the complaint.

To establish the amount of the federal tax liabilities due and owing to the United States, the United States submits the Certificate of Assessments, Payments, and Other Specified Matters (hereinafter the "Form 4340") for defendant Creative Solutions for its tax year 1995 and the Declaration of Michael J. Walsh.  As reflected on the Form 4340,[1] on the dates specified therein, the Internal Revenue Service made assessments against Creative Solutions for unpaid taxes, together with interest, penalties and other statutory additions.  The Form 4340 is the appropriate means of establishing an assessment, Hughes v. United States, 953 F.2d 531, 540 (9th Cir. 1992), and the Form also shows that the income tax liabilities were properly assessed against the

---

[1] Forms 4340 are self-authenticating under Fed. R. Evid. 902(1) and admissible into evidence pursuant to Fed. R. Evid. 803(8).

defendant, that the notices and demand for payment were properly sent, and that the defendant is

presumptively liable for the unpaid income taxes, interest, penalties, and other statutory

additions identified thereon. Koff v. United States, 3 F.3d 1297, 1298 (9th Cir. 1993) ("It is

settled in this circuit that [Forms 4340] are 'probative evidence in and of themselves and, in the

absence of contrary evidence, are sufficient to establish that . . . assessments were properly

made'") (citations omitted); Huff v. United States, 10 F.3d 1440, 1145-47 (9th Cir. 1993);

Hansen v. United States, 7 F.3d 137, 138 (9th Cir. 1993).

Accordingly, based upon the Form 4340 and the Declaration of Michael J. Walsh, the

United States is entitled to a judgment in the amount of $77,535.68, plus interest and other

statutory additions from November 17, 2006.[2]

As set forth in the complaint, pursuant to 26 U.S.C. Sections 6321 and 6322, a lien arose

in favor of the United States on the date of the federal tax assessments, and attached to all

property and rights to property of defendant Creative Solutions. This includes the real property

described in the complaint, which was obtained by Creative Solutions by deed on January 6,

1994. Accordingly, the Court should order the foreclosure of the Federal Tax Liens filed against

the subject property on February 25, 2002. As noted above, the United States and defendant

Bank United have stipulated to the relative priorities of their respective liens, thus, upon entry of

default judgment reducing the federal tax assessments to judgment in this matter, the United

States will submit a proposed order of foreclosure and judicial sale, which provides for the sale

---

[2]26 U.S.C. § 6601 provides that "[i]f any amount of tax imposed by this title . . . is not paid on or before the last date prescribed for payment, interest on such amount at the underpayment rate established under section 6621 *shall be paid for the period from such last date to the date paid*." 26 U.S.C. § 6601(a) (emphasis supplied). Accordingly, interest accrues here from the dates of assessment pursuant to 26 U.S.C. §§ 6601, 6621 and 6622. Upon entry of judgment, interest accrues under 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c). Thus, the rates for prejudgment and postjudgment interest are the same.

of the subject property, with the proceeds of sale being distributed in accordance with the stipulation of the parties.

## CONCLUSION

For the foregoing reasons, default judgment should be entered in favor of the United States and against defendant Creative Solutions in the amount of $77,535.68, plus interest and other statutory additions from November 17, 2006.  Upon entry of such judgment, the United States will submit an appropriate proposed order of foreclosure and judicial sale within 30 days.

Dated this 17th day of November, 2006.

NELSON P. COHEN
United States Attorney


s/ Jennifer D. Auchterlonie
JENNIFER D. AUCHTERLONIE
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 683
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 514-9593

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 17, 2006, a copy of the foregoing UNITED STATES'

MEMORANDUM IN SUPPORT OF MOTION FOR ENTRY OF DEFAULT JUDGMENT

AGAINST DEFENDANT KURT W. STENEHJEM AS TRUSTEE OF CREATIVE

SOLUTIONS BUSINESS ORGANIZATION, DBA PARSONS ART AND SIGN was served by

regular U.S. mail on the following parties:

    Kurt W. Stenehjem, Trustee
    Creative Solutions Business Organization
    1328 Kinnikinnick Street
    Anchorage, AK 99508

                <u>s/ Jennifer D. Auchterlonie</u>
                JENNIFER D. AUCHTERLONIE
                Trial Attorney, Tax Division
                U.S. Department of Justice
                P.O. Box 683, Ben Franklin Station
                Washington, D.C. 20044
                Telephone: (202) 514-9593
                Email: Jennifer.D.Auchterlonie@usdoj.gov