NELSON P. COHEN
United States Attorney
District of Alaska
Federal Bldg. & U.S. Courthouse
101 12th Avenue, Box 2
Fairbanks, Alaska 99701
Telephone: (907) 456-0245

JENNIFER D. AUCHTERLONIE
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: (202) 514-9593
Facsimile: (202) 307-0054
Email: Jennifer.D.Auchterlonie@usdoj.gov

RECEIVED
OCT 09 2007
Clerk, U.S. District Court
Anchorage, A.K.

## IN THE UNITED STATES DISTRICT COURT FOR THE

## DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KURT W. STENEHJEM as Trustee of<br>CREATIVE SOLUTIONS BUSINESS<br>ORGANIZATION, dba PARSONS ART<br>AND SIGN; and BANK UNITED,<br><br>Defendants. | Civil No. A04-0090 CV (JKS)<br><br>UNITED STATES' [PROPOSED] ORDER<br>OF FORECLOSURE AND JUDICIAL<br>SALE |

This Order of Foreclosure and Judicial Sale is entered pursuant to the final judgment

entered by the Court in this matter on December 15, 2006, the terms of which are hereby

incorporated by reference, and pursuant to the provisions of 28 U.S.C. §§ 2001 and 2002 and 26

U.S.C. §§ 7402 and 7403. The Court hereby orders as follows:

2367622.1

1.      Creative Solutions Business Organization (Creative Solutions) is indebted to the

United States for the unpaid assessed balance of federal income taxes for its tax year 1995, in the

amount of $77,535.68, plus interest and statutory additions accruing from November 17, 2006,

pursuant to 26 U.S.C. §§ 6601, 6621 and 6622, and 28 U.S.C. § 1961(c), until paid.

2.      Creative Solutions owns the parcel of real property that is the subject of this

action, which bears a legal description as follows:

> Lot Eighteen (18), Block One (1), of the replat of GRANDVIEW GARDENS
> SUBDIVISION, according to the official plat thereof, filed June 4, 1951, under
> Plat P-179A, being within the Anchorage Recording District, Third Judicial
> District, State of Alaska.

(hereinafter referred to as the "subject property").

3.      The United States has valid and subsisting tax liens on all property and rights to

property of Creative Solutions, including the subject property, arising from the above-described

tax assessment, which tax liens are effective as of the dates of the assessment.

4.      The priority of the United States' liens against the subject property is subject only

to (i) any real property taxes or special assessments owing to the local taxing authority that

constitute a lien under 26 U.S.C. § 6323(b)(6) and (ii) a first deed of trust in favor of Washington

Mutual Bank, successor in interest to Bank United.

5.      Section 7403 of Title 26 (U.S.C.) entitles the United States to enforce its liens

against the subject property in order to apply the proceeds towards the tax liabilities of Creative

Solutions.

6.      The United States' liens against the subject property are hereby foreclosed.  The

Internal Revenue Service (IRS) is authorized and directed under 28 U.S.C. §§ 2001 and 2002 to

offer for public sale and to sell the subject property, free and clear of the right, title and interest

2367622.1

of all parties to this action and any successors in interest or transferees of those parties. This Order of Foreclosure and Judicial Sale shall act as a special writ of execution and no further orders or process from the Court shall be required.

       7.     The IRS is authorized to have free access to the realty and to take all actions necessary to preserve the realty, including without limitation retaining a locksmith or other person to change or install locks or other security devices on any part of the realty, until the deed to the realty is delivered to the ultimate purchaser. Prospective purchasers shall have the right to make a limited inspection of the interior and exterior of the property.

       8.     The terms and conditions of the sale are as follows:

          a.     Except as otherwise stated herein, the sale of the subject property shall be by public auction to the highest bidder, free and clear of all liens and interests.

          b.     The sale shall be subject to all laws, ordinances, and governmental regulations (including building and zoning ordinances), affecting the premises, and easements and restrictions of record, if any.

          c.     The sale shall be held at the courthouse of the county or city in which the subject property is located, on the premises of the subject property, or at any other place in accordance with the provisions of 28 U.S.C. §§ 2001 and 2002, at a date and time announced by the IRS.

          d.     Notice of the sale shall be published once a week for at least four consecutive weeks before the date fixed for the sale in at least one newspaper regularly issued and of general circulation in the Municipality

-3-

2367622.1

of Anchorage, Alaska, and, at the discretion of the IRS, by any other notice that he or his representative may deem appropriate. **State law notice requirements for foreclosures or execution sales do _not_ apply to this sale under federal law.** The notice of sale shall describe the subject property and contain the material terms and conditions of sale in this Order of Foreclosure and Judicial Sale.

e.    A reasonable minimum bid shall be determined by the IRS.  If the minimum bid is not met or exceeded, the IRS may, without further permission of this Court, and under the terms and conditions in this order of sale, hold a new public sale, if necessary, and reduce the minimum bid.

f.    The successful bidder(s) shall be required to deposit at the time of the sale with the IRS a minimum of ten percent of the bid, with the deposit to be made by a certified or cashier's check payable to the United States District Court for the District of Alaska.  Before being permitted to bid at the sale, bidders shall display to the IRS satisfactory proof of compliance with this requirement.

g.    The balance of the purchase price of the subject property in excess of the deposit tendered shall be paid to the IRS within thirty (30) days after the date the bid is accepted by a certified or cashier's check payable to the United States District Court for the District of Alaska.  If the successful bidder fails to fulfill this requirement, the deposit shall be forfeited and shall be applied to cover the expenses of the sale, including commissions

-4-                                                    2367622.1

due under 28 U.S.C. § 1921(c), with any amount remaining to be applied to the federal tax liabilities of Creative Solutions at issue herein. The subject property shall be again offered for sale under the terms and conditions of this Order of Foreclosure and Judicial Sale. The United States may bid as a credit against its judgment without tender of cash.

h.      The sale of the subject property shall not be final until confirmed by this Court. Upon confirmation of the sale, the interests of, liens against, or claims to the subject property held or asserted by the United States and any other parties to this action shall be discharged and extinguished, and the IRS shall execute and deliver a deed conveying the subject property to the purchaser(s) thereof. **Redemption rights under state law shall not apply to this sale under federal law.**

9.      Until the subject property is sold, Creative Solutions shall take all reasonable steps necessary to preserve the subject property (including all buildings, improvements, fixtures and appurtenances thereon) including, without limitation, maintaining fire and casualty insurance policies thereon. Creative Solutions shall not commit waste against the subject property, nor shall it cause or permit anyone else to do so. Creative Solutions shall not do anything that tends to reduce the value or marketability of the subject property, nor shall it cause or permit anyone else to do so. Creative Solutions shall not record any instruments, publish any notice, or take any other action that may directly or indirectly tend to adversely affect the value of the subject property or that may tend to deter or discourage potential bidders from participating in the public sale, nor shall it cause or permit anyone else to do so. **Violation of this paragraph shall be**

-5-                                              2367622.1

**deemed a contempt of court and punishable as such.**

10.     All defendants, including Creative Solutions, and any and all other persons occupying the subject property, shall permanently leave and vacate such property within thirty (30) days of entry of this Order of Foreclosure and Judicial Sale. Creative Solutions, and any and all other persons occupying the subject property, shall remove all personal property (but leave all improvements, buildings, fixtures, and appurtenances) when leaving and vacating. If any person occupying the subject property fails or refuses to leave and vacate such property within 30 days, the United States Marshal and his representatives and the IRS are authorized and directed to take all actions that are reasonably necessary to bring about the ejectment of that person. If any person fails or refuses to remove his or her personal property from the subject property within 30 days, the property remaining on the subject property thereafter is deemed forfeited and abandoned, and the United States Marshal and his representatives and the IRS are authorized and directed to remove and dispose of it in any manner they see fit, including sale, in which case the proceeds of sale are to be applied first to the expenses of sale, and then to the tax liabilities at issue herein.

11.     Notwithstanding the terms of the immediately preceding paragraph, if, after the sale of the subject property is confirmed by this Court, the subject property remains occupied, a writ of assistance may, without further notice, be issued by the Clerk of Court pursuant to Rule 70 of the Federal Rules of Civil Procedure to compel delivery of possession of the subject property to the purchasers thereof.

12.     After the sale is confirmed by the Court, the Clerk of the Court shall distribute the amount paid by the purchaser as follows:

2367622.1

a.    First, to the IRS, for allowed costs and expenses of sale, including any
      commissions due under 28 U.S.C. § 1921(c) and including an amount sufficient to
      cover the costs of any steps taken to secure or maintain the subject property
      pending sale and confirmation by the Court;

b.    Second, to Washington Mutual Bank, in the amount of the balance due on the first
      deed of trust, pursuant to the Stipulation between the United States and
      Washington Mutual Bank approved by the Court on October 22, 2004;

c.    Third, to the United States, to be applied to the federal tax liabilities of Creative
      Solutions until those liabilities, including all accruals, are satisfied or the funds
      are exhausted;

d.    Any balance remaining after the above payments shall be held by the Clerk until
      further order of the Court.

IT IS SO ORDERED.

DATED this ___5___ day of __October_____ ,2007._____

**REDACTED SIGNATURE**
_____
UNITED STATES DISTRICT JUDGE

2367622.1