Robert Parsons
1328 Kinnikinnick St.
Anchorage, Alaska 99508
Ph. 907-223-5226 Fax 907-272-2998

Justin Parsons
4320 Checkmate Drive
Anchorage, Alaska 99508
Ph 907-830-4140



IN THE UNITED STATES DISTRCT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>*Plaintiff* )<br>)<br>*vs.* )<br>)<br>KURT W. STENEHJEM as Trustee )<br>of Creative Solutions Business )<br>Organization dba Parsons Art and Sign; )<br>And Bank United, )<br>)<br>*Defendants* ) | Case 3:04-cv-00090 (JKS) |

**Motion to Set Aside Default Judgment and Judicial Sale**

***Comes now***, Robert Parsons, as the trustee ("Trustee") of the Creative Solutions Business Organization ("CSBO") and with Justin Parsons, as the beneficiary ("Beneficiary") of CSBO with this Motion to set aside the Default Judgment and Judicial Sale under Federal Civil Rule 55(a).

Let the record show that both the Trustee of CSBO and the Beneficiary of CSBO

for the trust are making an appearance.

Judge Singleton did misrepresent to the Trustee and Beneficiary in the ORDER at Docket 43, being **Attachment 43**, that a non-lawyer may not represent a trust. The Trustee and Beneficiary have relied upon the ORDERS of Judge Singleton in this instant Case. This is a misstatement of law that the Trustee and Beneficiary relied upon as both are non attorneys. The Case of *C.E. Pope Equity Trust v. United States*, 818 F.2d 696 (9th Cir. 1987) does not state or hold that a trust may not be represented by a non attorney. See also *Maisano v. Welcher*, 940 F.2d 499, 501 (9th Cir. 1991).

*Pope, ibid.* clearly pronounces that an attorney or the beneficial owner, i.e. the trust's beneficiary may appear for a trust. Such representation includes filing an Answer. See *United States v. Dahmer*, 83 A.F.T.R.2d 99-2405 (W.D. Mo.) "*[T]he beneficiaries of the trusts are the parties with a direct interest* and *the only parties besides* a licensed attorney who can file an answer on behalf of Cardinal Trust and Bluebird Trust." *[Emphasis added]* If the Beneficiary appears for his/her interests as the beneficial owner, i.e. *in propria persona*, then *Pope, ibid.* and *Dahmer, ibid* clearly states that is allowed under the Federal Civil Rules and in the United States District Courts, which isn't what Judge Singleton did state in his ORDER at Docket 43.

Under Federal Civil Rule 55(c) clearly makes allowance for the setting aside an entry of default for good cause. Defaults are generally disfavored and whenever reasonably possible, cases should be decided upon their merits. See *Pena v. Seguros La Comercial, S.A.* 770 F.2d 811, 814 (9th Cir. 1985).

The Trustee and the Beneficiary have the right to have this instant Case adjudicated by the merits. In the adjudged case of Lambert v. Blodgett, 393 F.3d 943, 969 (9th Cir. 2004), it was ***held*** that "adjudicated on the merits" means substance and not procedural, to wit:

> (1) phrase "adjudicated on the merits" means a decision finally resolving the parties' claims that is based on the substance of the claim advanced, rather than on a procedural, or other, ground;

And further, *ibid at 968* citing Neal v. Puckett, 239 F.3d 683, 696 (5th Cir. 2001) "defining adjudication on the merits as referring "***to whether a court's disposition of the case was substantive as opposed to procedural.***"" *[Emphasis added]*

Both the Trustee and Beneficiary have shown good cause that this instant Case proceeded to Default Judgment by the lack of proper assistance of an Attorney, being Martin B. U. Severin to enlighten the Trustee and Beneficiary that **both** are required to make an appearance and file Answers; and, then ORDER of Judge Singleton at Docket 43, being **Attachment 1**, that clearly misstated the law that the trust could only be represented by an attorney misleading the Trustee and Beneficiary.

Therefore in the interest of justice and the lack of proper knowledge from the Attorney Martin B. U. Severin being relayed to the Trustee and the Beneficiary of the requirement of both to make an appearance; and, then ORDER of Judge Singleton, this Default Judgment (Docket 51) and ORDER granting Foreclosure and Judicial Sale (Docket 54) should be VACATED Immediately as the timeframe of Judicial Sale is only a few days off.

Signature _____
Robert Parsons, Trustee

Signature _____
Justin Parsons, Beneficiary

STATE OF ALASKA         )
                        ) ss.
The United States of America )

### Verified Affidavit of Robert Parsons

I, Robert Parsons, do hereby swear (or affirm) that the preceding and following facts are true and correct under the penalties of perjury.

1. My true name is Robert Parsons.

2. I am of the age of majority and competent to testify to the facts contained herein.

3. I was unaware of the facts that both the Trustee and the Beneficiary had to make personal appearances and filed separate Answers.

4. The Attorney in this instant Case initially did not impart the knowledge to me that both the Trustee and Beneficiary both had to make appearances in this instant Case and file separate Answers.

5. I relied upon the ORDER of Judge Singleton that only an Attorney could represent

the trust, which isn't what the pronouncements of the 9th Circuit cases clearly state.

6.  I claim the right to have this instant Case adjudicated upon the merits and I have never waived said right upon the record.

7.  I am the Trustee in this instant Case of Creative Solutions Business Organization.

Signature _____
Robert Parsons, Trustee

Sworn and subscribed before me a Notary Public in and for the State of Alaska

My Commission expires on April 12, 2011

[SEAL]

Signature of Notary Public

Subscribed and sworn to before me
this 30th day of October 20 07
_____
Notary Public
My Commission Expires April 12, 2011

STATE OF ALASKA         )
                        ) ss.
The United States of America )


### Verified Affidavit of Justin Parsons

I, Justin Parsons, do hereby swear (or affirm) that the preceding and following facts are true and correct under the penalties of perjury.

1.  My true name is Justin Parsons.

2.  I am of the age of majority and competent to testify to the facts contained herein.

3.  I was unaware of the facts that both the Trustee and the Beneficiary had to make

personal appearances and filed separate Answers.

4.  The Attorney in this instant Case initially did not impart the knowledge to me that both the Trustee and Beneficiary had to make appearances in this instant Case.

5.  I relied upon the ORDER of Judge Singleton that only an Attorney could represent the trust, which isn't what the pronouncements of the 9th Circuit cases clearly state.

6.  I claim the right to have this instant Case adjudicated upon the merits and I have never waived said right upon the record.

Sworn and subscribed before me a Notary Public in and for the State of Alaska.

7.  I am the Beneficiary in this instant Case of Creative Solutions Business Organization.

Signature

Justin Parsons, Beneficiary

My Commission expires on April 12, 2011



[SEAL]

Signature of Notary Public

Subscribed and sworn to before me this 30th day of October, 20 07

Notary Public

My Commission Expires April 12, 2011

**Certification**

I hereby certify that this document has been mailed first class mail in the USPS or served to the Office of the following parties, to wit:

Nelson P. Cohen (hand delivered)
United States Attorney
District of Alaska
Federal Bldg. & U.S. Courthouse
101 12th Avenue, Box 2
Fairbanks, Alaska 99701
907-456-0245

Jennifer D. Auchterlonie (faxed)
Trial Attorney, Tax Division
U.s. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683
202-514-9593
202-307-0054 Fax
Jennifer.D.Auchterlonie@usdoj.gov

Date 10/30/07

_[signature]_
Signature