IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>KURT W. STENEHJEM as Trustee of Creative Solutions Business Organization dba Parsons Art and Sign; and Bank United,<br><br>　　　　　　　Defendants. | Case No. 3:04-cv-00090 (JKS)<br><br>O R D E R |

　　　　This is an action by the United States to reduce certain tax liens to judgment. The case was filed in 2004. The complaint lists a trust as a Defendant. A trust may not be represented by a non-lawyer. *C.E. Pope Equity Trust v. United States*, 818 F.2d 696 (9th Cir. 1987). When the defendants consented to the withdrawal of the attorney for the trust, the Court, therefore, notified the trust that it would have to obtain substitute counsel by September 5, 2006, or default would be entered and judgment granted to the United States. Order at Docket No. 41. On September 5, 2006, Robert Parsons filed what he labeled a "notice." Docket No. 42.

　　　　The defendant is listed in the complaint, in part as a business called Creative Solutions Business Organization dba Parsons Art and Sign. Parsons represents that he is the trustee of the business as a substitute for Kurt W. Stenehjem, who was originally listed as the trustee in the complaint. It appears that Parsons is the operator of the business but for some reason does not wish to be identified as the owner of the business and its property. He indicates that he cannot afford to hire an attorney. He indicates that he, as trustee, has quitclaimed the business and its property to his wife, Robin Parsons, who has executed a general power of attorney in Robert

1

Parsons' favor. Parsons reasons that given the general power of attorney he, though not a lawyer, may represent his wife pro se and, through this device, defend against the government's claims. Parsons is in error. It is clear that the owner of property may represent himself pro se. The same is true of the sole proprietor of a business. Unfortunately, where a person engages in behavior to distance himself from the ownership of a business or of property he loses the right to act for the property or the business pro se. He must hire a lawyer or suffer a default. Under no circumstances may a non-lawyer represent another person or entity pro se. Thus, a parent may not represent a minor child in court. *Johns v. County of San Diego*, 114 F.3d 874 (9th Cir. 1997), *accord Shields v. Cape Fox Corporation*, 42 P.3d 1083 (Alaska 2002). And, by extension, a husband may not represent his wife. The fact that the wife or the child has executed a general power of attorney appointing a non-lawyer her attorney-in-fact does not change the rule. A general power of attorney does not permit a non-lawyer to appear in court for another person or entity. *See e.g., Johns*, 114 F.3d at 876 (general power of attorney does not authorize a non-lawyer to appear in court and assert the rights of another person). Again, Alaska law is in accord. *Christiansen v. Melinda*, 857 P.2d 345 (Alaska 1993) (general power of attorney does not allow non-lawyer to represent grantor of the power in court).

If Robert Parsons is the owner of the property that is subject to the government's liens then he may represent himself pro se in defending against those liens but should seek to have the caption of the case modified to reflect the true relationship of the parties. If Robin Parsons is the owner of the property, Robert Parsons may not represent her in court.

The Court will allow Parsons until **September 21, 2006** to obtain counsel and have counsel's appearance entered. The Court will grant no more continuances. Failure to comply with this order will result in the entry of the defendant's default without further notice.

**IT IS SO ORDERED.**

Dated at Anchorage, Alaska, this 8th day of September 2006.

/s/ James K. Singleton, Jr
JAMES K. SINGLETON, JR.
United States District Judge

ORDER

F:\HOME\JUDGES\DOCS\SHARED\CV\D.AK 2004\A04-0090.008.wpd