IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>     vs.<br><br>KURT W. STENEHJEM as Trustee of Creative Solutions Business Organization dba Parsons Art and Sign; and Bank United,<br><br>             Defendants. | Case No. 3:04-cv-00090 (JKS)<br><br>O R D E R |

  This is an action by the United States to reduce certain tax liens to judgment. The Complaint lists Defendant Creative Solutions Business Organization, dba Parsons Art and Sign, as a trust. A trust may not be represented by a non-lawyer. *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697-98 (9th Cir. 1987). Initially, Kurt Stenehjem, and subsequently Robert Parsons, sought to appear *pro se* on behalf of the trust as its trustee. In reliance on *C.E. Pope*, the Court held that a non-lawyer trustee could not represent the trust in court *pro se*. Recognizing that Robert Parsons was attempting to proceed *pro se* in this matter, the Court gave him ample opportunity to either: (1) obtain a lawyer; or (2) intervene in order to establish that the business Parsons Art and Sign was not "owned" by a trust, but was in fact a sole proprietorship in which Parsons was the sole proprietor. Robert Parsons declined to either obtain a lawyer for the "trust" or establish that the business was owned by him as a sole proprietorship. *See Memon v. Allied Domecq QSR*, 385 F.3d 871, 874-75 (5th Cir. 2004) (trial court should notify person who attempts to represent his close corporation *pro se* that he must hire a lawyer and give him an opportunity to do so before entering litigation terminating orders).

Eventually, the Court struck the Answer and entered Default and thereafter Default Judgment against Parsons Art and Sign. Robert Parsons as trustee, and Justin Parsons as beneficiary, now seek on shortened notice to set aside the Default Judgment and Judicial Sale. Docket Nos. 57 (Mot. to Set Aside Default Judgment); 58 (Mot. to Expedite).[1] The Government opposes a hearing on shortened time and requests additional time to file a response. Docket No. 59.

The Court will consider the motion to set aside on shortened time under Local Rule 7.2(c) because the motion in its present form is frivolous.[2] As the motion to set aside is frivolous, it does not present good cause under either Federal Rule of Civil Procedure 55(c) or 60(b), and it must therefore be denied. The Government may proceed with the Judicial Sale as previously ordered.

The Parsons argue that, as sole beneficiary and trustee of the trust, they should be able to jointly authorize the trustee to represent the trust *pro se* in this matter.[3] They are in error. It is

---

[1] Although the Motion to Expedite at Docket No. 58 also reiterates verbatim the merits of the Motion to Set Aside the Default Judgment and Judicial Sale, the Court treats it solely as a motion to expedite under Local Rule 7.2(c).

[2] A claim or defense is subjectively frivolous if it is brought in bad faith by one who knows it is lacking in merit. A claim or defense is objectively frivolous if it is precluded by controlling authority. Here, the claim that a non-lawyer may represent a trust in court if the sole beneficiary agrees is objectively frivolous. No one can authorize a non-lawyer to represent him, or "it," in court. *See e.g. Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993); *Christiansen v. Melinda*, 857 P.2d 345, 347-49 (Alaska 1993). The Court makes no determination regarding whether the Parsons are proceeding in good faith.

[3] Neither Robert Parson nor Justin Parson is a named party in this case. Neither Parson has sought to intervene in this action to assert personal claims or defenses. This Court has never considered, much less decided, whether Creative Solutions Business Organization is a valid express trust, or even if the State of Alaska recognizes business trusts as authorized to sue and be sued in the business name. The only issue that this Court has decided is whether the non-lawyer trustee of a valid express trust may represent the trust in court. He may not. Nor may the sole beneficiary of a trust authorize a non-lawyer to represent the trust in court. The Parsons seem confused by dicta that, properly interpreted, stands for the proposition that a person claiming he is the true sole owner of property held in the name of a sham trust may assert his claim *pro se*. Neither Parson has sought to intervene personally in this action to make such a claim. Nor can Justin Parson be considered the sole owner of trust property merely because he is the sole beneficiary of the trust.

ORDER

important at the outset to distinguish two rules of law: (1) The real party in interest rule which determines who may bring an action on behalf of a party, in this case, the trust; and (2) the representation rule, which prohibits a non-lawyer from representing anyone but himself. *See Christiansen*, 857 P.2d at 347-49 (discussing these two rules in the context of a general power of attorney). Where a trust owns property, the trustee is generally the proper party to authorize the lawsuit and thus satisfies the first rule. In contrast, the beneficiary generally may not sue on behalf of the trust even with a lawyer. *See* Restatement (Second) of Torts §§ 281 and 282.

Under the representation rule, while a trustee may bring a suit on behalf of the trust, he may not appear for it *pro se*, he must obtain a lawyer. If a beneficiary was permitted to sue on behalf of the trust, he would be standing in the shoes of the trustee, and like the trustee, he would need to retain a lawyer. If the trust is the real party in interest, it must be represented by a lawyer. Of course, if the "trust" is a sham or a fiction, and Parsons Art and Sign is really a sole proprietorship (a form of doing business where one person owns all of the business assets and operates the business himself ), and Robert Parsons or Justin Parson is the sole proprietor, then the sole proprietor can represent it *pro se* because he would be "it" and would be representing himself. Even if the trust is a sham or a fiction, if the true ownership of the business and its assets is a partnership consisting of Robert and Justin Parsons, then either partner could authorize a suit or defense, but a lawyer would still be required because a partnership may not be represented by a non-lawyer partner *pro se* in court. *See e.g. D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973-74 (9th Cir. 2004); *In re America W. Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994).

In conclusion, if, but only if, Parsons Art and Sign is a sole proprietorship may the sole proprietor represent the business *pro se*. If the true identity of the business is any kind of artificial business entity, it must have a lawyer to represent it.[4] The Parsons were fully informed of this fact in plenty of time to find a lawyer. Alternatively, either one could have sought to intervene in this action as a defendant in order to argue that he was allowed to proceed *pro se* because the alleged

---

[4] The settlor establishes the trust, the trustee administers it, and the beneficiary is the one for whose benefit it was established. It is possible that the same person may be settlor, trustee and beneficiary, but so long as the trust is in effect it cannot be represented in court by a non-lawyer.

ORDER

trust was a sham, and that he was in fact the sole proprietor. Neither did so. What the Parsons cannot do is deny ownership of the business, claim that it is owned and operated as a valid trust, and seek to represent it *pro se*. *See e.g. Maisano v. Welcher*, 940 F.2d 499, 501 (9th Cir. 1991) (noting the dilemma faced by one who wishes to deny ownership and yet proceed *pro se*).

**IT IS THEREFORE ORDERED**:

The motion for expedited consideration at **Docket No. 58** is **GRANTED**. The motion to set aside the Default Judgment and Judicial Sale at **Docket No. 57** is **DENIED**.

Dated this 1st day of November 2007.

      /s/ James K. Singleton, Jr.
      **JAMES K. SINGLETON, JR.**
      United States District Judge